UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:14-cv-2126-Orl-22KRS

JANICE MCKERNAN,

      Plaintiff,

vs.

DIVERSIFIED CONSULTANTS, INC.

      Defendant.
_____ /

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under Fed. R. Civ. P. 12(b)(6), moves to dismiss the complaint filed by plaintiff, Janice McKernan, for failure to state a claim upon which relief can be granted, and states:

### I.   INTRODUCTION

Plaintiff filed this action alleging DCI – a "debt collector" – violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, by impermissibly pulling her credit report. Plaintiff's complaint, however, fails as a matter of law to state a claim under the FCRA or the FCCPA.

***First***, the law is clear, a debt collector is permitted to pull a consumer's credit report, regardless of whether the consumer believes he or she owes the debt. ***Second***, plaintiff fails to allege any conduct by DCI other than allegedly pulling her credit report; but, again, such conduct was permissible under the FCRA and so it cannot serve as a

basis for a claim under the FCCPA. To the contrary, plaintiff alleges upon receipt of her November 14, 2014, DCI made no further attempts to contact her or collect the debt at issue. To be sure, plaintiff's allegations confirm DCI complied with, and did not violate, the law.

## II.     BACKGROUND

As stated above, on December 13, 2015, plaintiff filed this action alleging DCI, a "third party debt collector," violated the FCRA and the FCCPA in connection with its attempts to collect a debt from her, a "consumer." Dkt. 1 at ¶¶ 1, 7, 14 and 26-27. Plaintiff's complaint contains 28 paragraphs, but only 4 factual allegations. *See id*. at ¶¶ 8-12.

Specifically, plaintiff alleges:

> 8.     Plaintiff obtained her consumer credit report from Transunion on or about October 27, 2014, and found entries that she was unfamiliar with.
>
> 9.     After Plaintiff examined her Transunion consumer credit report, she discovered that Defendant, DCI, obtained her credit report on January 1, 2013. *See* Exhibit A.
>
> . . .
>
> 11.     Plaintiff has no business with Defendant and has never given Defendant consent to pull her consumer credit report.
>
> 12.     Plaintiff sent Defendant a letter on November 14, 2014, and the letter was received by Defendant on November 17, 2014, in an attempt to resolve these issues, but Defendant did not respond.

*Id*.

Based solely upon these allegations, plaintiff claims DCI violated the FCRA by impermissibly pulling her credit report. *Id*. 14-24. Plaintiff further claims DCI violated

the provision of the FCCPA prohibiting debt collectors from "claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate." *Id*. at ¶¶ 26-28; *see also* Fla. Stat. § 559.72(9).  DCI now moves to dismiss plaintiff's complaint as a matter of law because, as stated above, debt collectors are indeed permitted to pull consumer credit reports in connection with the collection of debts, and plaintiff fails to plead any other conduct serving as a basis for a claim under the FCCPA.

### III.  LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

While the Court may be inclined to hold a *pro se* plaintiff to a less stringent standard, "the pro se litigant is required to conform to the procedural rules and may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Liste v. Cedar Financial et. al*., No. 8:13-cv-3001-T-

30AEP, 2015 WL 439442 (M.D. Fla. Feb. 3, 2015).  In other words, "regardless of whether the plaintiff is preceding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc*., 296 F.3d 376 (5th Cir. 2002); *see also Mbano v. Kriseman*, No. 8:14-cv-1923-T-20TBM, 2014 WL 5783802, at *2 (M.D. Fla. Nov. 6, 2014); *Blough v. Foster*, No. 8:14-cv-115-T-30MAP, 2014 WL 1779291, at *2 (M.D. Fla. May 5, 2014); *Boston v. Client Services of Missouri, Inc.*, No. 3:13CV184, 2013 WL 5925902, at *1 (W.D. N.C. Nov. 1, 2013).

A. *Plaintiff's Allegations Confirm DCI Had A Permissible Purpose To Pull Her Credit Report*.

Under the FCRA, and third party debt collector may pull a consumer's credit report in connection with "collection of an account of the consumer."  15 U.S.C. § 1681b(a)(3)(A); *See e.g. Flores v. I.C. System, Inc.*, No. 13-21352-COV, 2014 WL 1379046, at *3 (S.D. Fla. April 8, 2014); *Pinson v. Monarch Recovery Management, Inc.*, No. 12-80480-CIV, 2013 WL 961308, at *2 (S.D. Fla. March 12, 2013); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir. 2008); *Hasbun v. County of L.A.,* 323 F.3d 801, 802-04 (9th Cir. 2003); *Korotaki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997).  Here, plaintiff plainly alleges DCI is a third party debt collector and pulled her credit report relating to the collection of a debt.  Plaintiff's sole support for her claim appears to be her allegation she "has no business with Defendant and has never given Defendant consent to pull her consumer report," to support her claims.  Plaintiff is misplaced.

Plaintiff's allegations are nearly identical to the plaintiff's allegations in *Boston*. In *Boston*, the plaintiff alleged "[she] has never had any business dealings or any accounts with, made applications for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant." *Boston*, 2013 WL 5925902, at *1. In dismissing plaintiff's claims, the court found a "[p]laintiff need not have had direct contact with Defendant for Defendant to lawfully obtain a copy of a consumer credit report . . . [p]rovided that Defendant obtained Plaintiff's consumer credit report 'in conjunction with its collection activities." *Id*.

Again, plaintiff is simply ignoring the applicable provision of the FCRA. "As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011). Plaintiff's allegations suggest nothing to the contrary.

B.   ***Plaintiff Fails To Allege Facts To Support A Claim Under The FCCPA***.

Again, plaintiff's sole factual allegation is that DCI impermissibly pulled her credit report. However, as stated above, even plaintiff's allegations confirm DCI's conduct was permissible.

In Count II of plaintiff's complaint, she quotes verbatim §559.72(9) of the FCCPA prohibiting a debt collector from, "claiming, attempting, or threatening to enforce a debt when such person knew that the debt was not legitimate." Yet, plaintiff pleads zero facts to support such a conclusory allegation.

To state a claim under §559.72(9), plaintiff must allege facts showing DCI was attempting to enforce "*a legal right that did not exist* and that [DCI] had **_actual_** knowledge that the right did not exist." *Reed v. MFP, Inc.*, 85 So. 3d 1151, 1155, (Fla. 2d Dist. App. 2012) (emphasis added); *see also Munch v. Credit Protection Ass'n*, No. 8:13-CV-1179-T-17EAJ, 2015 WL 1243201, at *3 (M.D. Fla. Mar. 18, 2015); *Coursen v. JP Morgan Chase & Co.*, No. 8:12-cv-690-T-26EAJ, 2012 WL 3055857, at *5 (M.D. Fla. July 25, 2012); *Jones v. TT of Longwood, Inc.*, No. 6:06-cv-651-Orl-19DAB, 2006 WL 2789140, *5 (M.D. Fla. September 26, 2006). But, again, plaintiff fails to plead any facts to suggest DCI had any reason to believe, much less actual knowledge, plaintiff did not owe the debt at issue.[1] Plaintiff merely restated the statute without making any factual allegations to support such a claim.

## IV. CONCLUSION

In short, Plaintiff has not, and cannot, plead sufficient facts to support an FCRA or FCCPA claim. Plaintiff's Complaint, therefore, fails as a matter of law and should be dismissed with prejudice.

WHEREFORE, Defendant, Diversified Consultants, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice, and for such other relief as this Court deems proper.

---

[1] To the extent plaintiff is alleging it was improper for DCI not to respond to her November 14, 2014 letter, plaintiff is also wrong. The FCCPA imposes no obligation to respond to such a threat. Conversely, upon receipt of a dispute or threat, under the FCCPA, like under the FDCPA, a debt collector is permitted to cease collections and close the account. *See Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.* 953 F.2d. 1025, 1032 (6th Cir. 1992).

Respectfully submitted,

*/s/Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:   (813) 890-2472
Facsimile:    (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, a true and correct copy of the foregoing was sent to the following via certified mail, return receipt requested:

Janice McKernan
106 Clear Lake Circle
Sanford, FL 32773

*/s/Michael Schuette*
Michael Schuette