**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO. 6:14-cv-2126-Orl-22KRS**

JANICE MCKERNAN,

             Plaintiff,

  vs.

DIVERSIFIED CONSULTANTS, INC.

             Defendant.

_____ /

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

      Defendant, Diversified Consultants, Inc. (DCI), through counsel and pursuant to this Court's Order (Doc. 15), hereby replies to the memorandum in opposition to the motion to dismiss (Doc. 11) filed by plaintiff, Janice McKernan (plaintiff), and states:

      In short, plaintiff fails to identify a ***single*** alleged fact which, if accepted as true, establishes DCI did not have a permissible purpose to pull plaintiff's credit report. Instead, plaintiff's response highlights the reasons DCI's motion should be granted.

      First, plaintiff incorrectly characterizes the FCRA's permissible purpose provision by stating "15 U.S.C. § 1681(b) (a)(3)(A) does not refer to a third party with whom there has never been any extension of credit, contractual obligation, and/or agreement with the consumer. Nowhere in the plain language of the statute does it refer to a third party debt collector." Plaintiff, however, simply ignores the greater weight of authority across the country finding "[a] debt collector is permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt." *Boston v. Client Services of Missouri,*

*Inc.*, No. 3:13CV184, 2013 WL 5925902, at *2 (W.D. N.C. Nov. 1, 2013) (emphasis added).  *See also e.g. Korotki v. Attorney Serv. Corp. Inc.*, 931 F. Supp 1269, 1276 (D.MD 1996); *Pyle v. First Nat. Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 1413970, *3 (*E.D. Cal. April 23, 2012); *Hinkle v. CBE Group*, No. CV-311-091, 2012 WL 681468, *3 (S.D. Georiga Feb. 3, 2012).  Indeed, plaintiff eventually admits a debt collector has a permissible purpose to pull a consumer credit report in connection with the collection of a debt.  Doc. 11 at ¶ 16 (stating "the text of [the FCRA] indicates that (it) is permitted only when the report is used in connection with the collection of an 'account'").

Second, plaintiff is confused and claims it is DCI's burden to "prove" with extrinsic evidence it had a permissible purpose to pull her credit.  However, it is well established, "the scope of review on a motion to dismiss is limited to the four corners of the complaint."  *Allaben v. Howanitz*, 579 Fed.Appx.716, 717 (11th Cir. 2014); *See also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  Therefore, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims."  *Wilchombe*, 555 F.3d at 959 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1634, 1369 (11th Cir. 1997).  Simply put, it is plaintiff's burden to allege facts sufficient to support her claims, not DCI's burden to disprove unsupported legal conclusions.

Finally, plaintiff seeks to apply the incorrect definition —i.e. the definition set forth in § 1681a(r)(4)— to the word "account" to establish "the debt in question [does not

satisfy] the definition of 'account'."  However, "[t]he definition of 'account' in § 1681a(r)(4) provided by the plaintiff . . . is under a heading concerning 'Credit and debit related terms.' Plaintiff has made no showing that such usage of the term is applicable to the word 'account' as used in section 1681b(a)(3)(A), which does not deal with credits and debits." *Pyle v. First Nat. Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 5464357, *5 (E.D. California Nov. 8, 2012). *See also Harris v. NCO Financial Systems, Inc.*, No. RDB-13-0259, 2013 WL 6858852, *3 (D. Maryland Swx, 23, 2013); *Fritz v. Capital Mgmt. Servs., LP*, No. 2:12-cv-1725, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013); *DeMaestri v. Asset Acceptance Capital Corp.,* Nos. 11–CV–01671–72–WJM–MJW, 2012 WL 1229907, at *4 (D. Colo. Mar.14, 2012) (report and recommendation adopted, *DeMaestri v. Asset Acceptance Capital Corp.,* 11–CV–01671–72 WJM–MJW, 2012 WL 1229940 (D.Colo. Apr.12, 2012).  In fact, "[p]laintiff's argument has been universally rejected by every court that has directly addressed it." *Harris*, 2013 WL 6858852 at *3.

WHEREFORE, Defendant, Diversified Consultants, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice, and for such other relief as this Court deems proper.

Respectfully submitted,

*/s/Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:    (813) 890-2472
Facsimile:     (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April, a true and correct copy of the foregoing was

sent to the following via certified mail, return receipt requested:

Janice McKernan
106 Clear Lake Circle
Sanford, FL 32773


*/s/Michael Schuette*
Michael Schuette