UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANICE MCKERNAN,

        Plaintiff,

v.                               Case No:   6:14-cv-2126-Orl-22KRS

DIVERSIFIED CONSULTANTS, INC.,

        Defendant.

### ORDER

This cause comes before the Court on Defendant Diversified Consultants, Inc.'s ("Defendant") Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. No. 9). Plaintiff responded to the Motion to Dismiss with a Memorandum in Opposition, (Doc. No. 11). With leave of Court, Defendant filed a Reply, (Doc. No. 16). For the following reasons, the Motion to Dismiss will be granted.

### I. BACKGROUND

Plaintiff seeks damages from Defendant, a debt collector, stemming from alleged violations of both the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72(9). (Doc. No. 1.) Defendant does not contest the majority of the facts stated in the original Complaint. On or about October 27, 2014, Plaintiff obtained her consumer credit report from Transunion. Id. at ¶ 8. Upon receipt, Plaintiff discovered Defendant had examined her Transunion credit report on January 1, 2013. Id. at ¶ 9. Plaintiff claims she had no business with Defendant and had never given Defendant permission to pull the report. Id. at ¶ 11. Plaintiff sent a letter on November 14, 2014 seeking "to resolve these issues" after discovering that Defendant had obtained her credit report. Id. at ¶ 12. She received no

response from Defendant. Id. Plaintiff then filed her complaint.

Plaintiff asserts two causes of action against Defendant. Id. at ¶ 1. First, she alleges that Defendant had no permissible purpose to pull her credit report under the FCRA. Id. at ¶ 22. Plaintiff contends she "never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit" from Defendant. Id. at ¶ 19. In addition, she never gave Defendant permission to pull her credit report. Id. at ¶ 21.

Plaintiff also seeks damages under the FCCPA, Fla. Stat. § 559.72(9), which states, "[i]n collecting consumer debts, no person shall: [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." (Doc. No. 1 at ¶ 28.). Plaintiff contends that Defendant attempted to collect a debt that they knew was not legitimate. Id.

## II. LEGAL STANDARDS

Defendant seeks dismissal of the complaint for a failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" to withstand a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to meet the standards of facial plausibility. Id. This standard requires that the plaintiff state more than just the sheer possibility that the defendant has broken the law. Id. A plaintiff who does no more than reach conclusions "does not unlock the doors of discovery." Id. at 678-79. Plaintiffs must also allow the court to "infer more than the mere possibility of misconduct." Id. at 679. A "formulaic recitation

of the elements of a cause of action" will not be enough to establish her grounds for relief. Twombly, 550 U.S. at 555.

The Court "must make reasonable inferences in Plaintiffs' favor" once a defendant has made a 12(b)(6) Motion to Dismiss, but it is "not required to draw Plaintiffs' inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam). Mere bald assertions will not be enough to combat a Motion to Dismiss. Id. (quotations omitted). The court will accept all factual allegations contained in the complaint as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, unwarranted deductions of fact will not be taken as true in analyzing a Motion to Dismiss. Aldana, 416 F.3d at 1248 (quotations omitted). Legal conclusions made without "adequate factual support" are also given no presumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). Conclusory allegations without supporting facts have consistently been held to have no probative value. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). Strictly conclusory allegations put forth in a complaint without any factual backing are also "a danger sign that the plaintiff is engaged in a fishing expedition." DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999).

The Court must construe a complaint filed by a pro se litigant more liberally than if it were a formal pleading drafted by a lawyer. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, that does not mean that the court has a duty to rewrite the complaint for the plaintiff in light of a Motion to Dismiss. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### III. ANALYSIS

**A. FCRA Claim**

To prove that a willful violation of the FCRA has occurred, a plaintiff must establish that: 1) a consumer report 2) was obtained or used by the defendant 3) without a permissible statutory

purpose and 4) the defendant acted with the specified culpable mental state. Shepherd-Salgado v. Tyndall Fed. Credit Union, No. 11-0427-WS-B, 2011 WL 5401993, at *3 (S.D. Ala. Nov. 7, 2011) (citation omitted). Plaintiff will be tasked with proving each of the elements laid out above, and must do so without the assistance of conclusory statements. Leigh, 212 F.3d at 1217. The FCRA allows a collection agency to obtain a consumer credit report if it uses the report "in connection with a transaction that the consumer initiated with the creditor." Hinkle v. CBE Grp., No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012). This may include such activities as collecting on an account after being retained by a creditor, id., or reviewing an account, Pinson v. Monarch Recovery Mgmt. Inc., No. 12-80480-CIV, 2013 WL 961308, at *2 (S.D. Fla. Mar. 12, 2013). Additionally, the Defendant need only show that it had an uncontroverted belief that a permissible purpose existed pursuant to the FCRA when it obtained the consumer credit report to not violate the statute. Id. at *3.

There is no dispute as to either of the first two elements outlined in *Shepard-Salgado*, so the Court proceeds to the final two. The third prong requires Plaintiff to show that Defendant obtained or used the consumer report without a permissible statutory purpose. It is at this juncture that her complaint fails to state a claim to relief that is plausible on its face.

Plaintiff's factual allegations consist of the following four statements: 1) "Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant DCI," (Doc. No. 1 at ¶ 19); 2) "Defendant obtained the Transunion consumer credit report of Plaintiff with no permissible purpose . . . ," Id. at ¶ 20; 3) "At no time did Plaintiff give her consent for DCI to obtain her consumer credit report . . . ," Id. at ¶ 21. 4) "At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's consumer

credit report." Id. at ¶ 23. Even taking all four of these statements as true, it is not enough to give rise to the reasonable inference that Defendant is liable for the alleged violation.

Plaintiff's allegation that she never had any business dealings with Defendant has continually been recognized by the courts as insufficient to sustain a claim for a violation of the FCRA. *See e.g.*, Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *3 (W.D.N.C. Nov. 1, 2013) ("Plaintiff states that Defendant obtained her consumer report and makes the leap that, because she did not have any business dealings with the Defendant, this was in violation of the FCRA."); Hinkle, 2012 WL 681468, at *3 ("[T]he Court has repeatedly explained it is not necessary for Plaintiff to have had direct dealings with Defendant . . . ."). An absence of dealings with the Defendant is simply not enough to establish liability. When a collection agency is retained by a credit company to collect a debt, the collection agency is allowed to pull a credit report without ever having to contact the plaintiff. Numerous courts have permitted this action in construing the FCRA. *See e.g.*, Miller v. Wolpoff & Abramson, LLP, 309 F. App'x 40, 43 (7th Cir. 2009) ("However, because Wolpoff was obtaining the report on behalf of Centurion, the owner of the debt, Wolpoff had a legitimate purpose."); Flores v. I.C. Sys., Inc., No. 13-21352-CIV, 2014 WL 1379046, at *3-4 (S.D. Fla. Apr. 8, 2014); Boston, 2013 WL 5925902, at *2; Pinson, 2013 WL 961308, at *2.

Plaintiff's second factual allegation is merely conclusory. She attempts to establish that Defendant had no permissible purpose in obtaining her consumer credit report by simply alleging that defendant did not have such a purpose. This has, again, been routinely held by the courts to be insufficient to establish a claim against a collection agency. *See e.g.*, Flores, 2014 WL 1379046, at *3 ("Flores merely states ICS lacked a permissible purpose because he did not consent to ICS accessing his credit report . . . ."); Boston, 2013 WL 5925902, at *3 (requiring that the plaintiff

establish that the defendant was not a collection agency or that she did not owe any debt that defendant was trying to collect to survive a Motion to Dismiss); Pinson, 2013 WL 961308, at *3 ("[I]t is Plaintiff who has made conclusory statements . . . Plaintiff has not produced any record evidence . . . to challenge Defendant's evidence."); Hinkle, 2012 WL 681468, at *3 ("[T]he factual matter offered by Plaintiff in her amended complaint establishes nothing beyond speculation as to the 'mere possibility' of a violation of the FCRA, without presenting 'enough fact to raise a reasonable expectation that discovery will reveal' unlawful conduct." (quoting Twombly, 550 U.S. at 556)).

Plaintiff is required to actually raise a plausible factual allegation corroborating that statement, instead of simply stating that Defendant had no permissible purpose. Plaintiff must allege that Defendant was not a collection agency, or was not retained or hired by a credit agency, or that she did not have a valid debt to be collected, or something else that would lead this Court to believe that Defendant did not have a permissible statutory purpose to obtain her credit report. Simply stating that Defendant is liable because it is liable fails to meet the very first rung of the standard laid out in *Iqbal* and *Twombly*.

Statement three has also routinely been found to be insufficient to give rise to a reasonable inference that Defendant is actually liable for the alleged violations. As stated earlier, there are numerous other ways in which Defendant would be allowed to obtain Plaintiff's credit report without her express permission. No debt collection agency would ever be allowed to pull a consumer credit report if debt collectors needed permission before viewing credit reports, because no individual would allow them.

Statement four – that defendant never informed plaintiff of its claimed justification – is the only one that could be construed as an alleged fact that is not conclusory, but past rulings have

found that it is not enough to push the complaint from conceivable to plausible. *See e.g.*, Flores, 2014 WL 1379046, at *3 (S.D. Fla. Apr. 8, 2014) (granting summary judgement for defendant when plaintiff alleged that he received no correspondence from defendant verifying the debt); Pinson, 2013 WL 961308, at *3 ("It appears Plaintiff is under the impression that it is necessary for Defendant to produce the documents that led Defendant to believe it was collecting a debt. That is not necessary."); Hinkle, 2012 WL 681468, at *3 (dismissing the complaint for failure to state a claim when plaintiff argued that defendant had failed to provide an adequate justification for obtaining her credit report during correspondence).

Even taking Plaintiff's statement as true, there is still not enough to push the claim from conceivable to plausible. Just as in *Hinkle*, Plaintiff has produced no statutory language that requires Defendant to respond to her letter with its permissible purpose for pulling her credit report. The only statutory language that may apply in the present instance comes from 15 U.S.C. § 1692g(b). It states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgement, or the name and address of the original creditor, and a copy of such verification or judgement, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Section 1692g(b) allows the debt collector to avoid liability if it ceases collection of the debt. However, the complaint contains no allegation that Defendant even attempted to collect a specific debt, which makes § 1692g(b) completely inapplicable to the present situation. Plaintiff has failed to take this into account while citing Farrell v. Frederick J. Hanna, No. 6:14-cv-00081, (M.D. Fla. Aug. 22, 2014) (Doc. No. 29) (Sharp, J.). Judgment on the pleadings was denied in

*Farrell* because an issue of material fact still existed as to whether Hanna had been retained, or had a reasonable belief that it had been retained, as a debt collector on behalf of the credit agency. Id. at 5. Farrell discovered the debt collector had obtained his credit report after receiving a dunning letter requesting payment of a $12,048.90 debt. Id. at 1-2. Farrell responded with a validation request. Id. at 2. Hanna returned a court order, in compliance with the statute, stating that Farrell owed $11,906.55. Id. Hanna provided no other justification for the collection of the debt, no name or address of the original creditor, and no explanation for the differing amounts. Id. The court found that there was still an issue of material fact as to Hanna being retained or hired by the original creditor as Hanna was still attempting to collect on the disputed debt without meeting all of the statutory requirements set forth in § 1692g(b). Id. at 5.

In contrast, Plaintiff does not claim that she disputed the debt or requested the name and address of the original creditor. Plaintiff only contends that she "sent Defendant a letter . . . in an attempt to resolve these issues," (Doc. No. 1 at ¶ 12). Furthermore, Defendant is still not statutorily required to respond even if the attempt to resolve the issues is construed in the light most favorable toward the Plaintiff, and the Court believes that it was a dispute over the debt.

For these reasons, the Motion to Dismiss will be granted as to Plaintiff's FCRA claim.

**B. FCCPA Claim**

Florida Statute § 559.72(9) states: "[i]n collecting consumer debts, no person shall: [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." In order for a plaintiff to assert a claim stemming from the FCCPA, she must prove that the Defendant asserted a legal right that did not exist and that the Defendant had actual knowledge that the right did not exist. Read v. MFP, Inc., 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012) (per

curiam). Simply pleading that the defendant had knowledge is not enough to establish a claim. Reese v. JP Morgan Chase & Co., 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009). When claiming that a defendant "knows" that a debt is not legitimate, the plaintiff must prove that the defendant had "actual knowledge of the impropriety or overreach of a claim." In re Cooper, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000).

Plaintiff has again failed to state a claim in a non-conclusory fashion as to the alleged violations of the FCCPA. Plaintiff must allege that Defendant asserted a non-existent legal right and that Defendant knew that the legal right did not exist in order to assert a claim. Her only statement to support this claim is that Defendant violated the statute "by claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate." There are no facts to back up this statement. There is no allegation that Defendant knew that the debt was not legitimate. There is no allegation that Defendant even attempted to "claim, attempt or threaten to enforce a debt." This assertion is nothing more than a barebones recital of the necessary elements of an FCCPA violation.

Although Defendant may not have had a permissible purpose to pull Plaintiff's credit report, Plaintiff has alleged no facts that would lend credence to Defendant having "actual knowledge" of this lack of purpose. The Plaintiff needs to allege more than simply the standards prescribed by the FCCPA in making her claim. Thus, the Motion to Dismiss will also be granted as to the FCCPA claim.

### IV. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant Diversified Consultants, Inc.'s Motion to Dismiss, (Doc. No. 9), filed April, 2 2015, is **GRANTED**.

2.     Plaintiff Janice Mckernan's claims arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, and Florida Consumer Collections Practices Act, Fla. Stat. § 559.72(9), are **DISMISSED without prejudice**.

3.     Plaintiff is granted leave to file an Amended Complaint on or before July 24, 2015. The amended complaint shall not serve as an opportunity to add new claims. Rather, this presents a chance for Plaintiff to remedy the pleading deficiencies identified herein. Failure to file a second amended complaint that is consistent with the strictures of this Order by July 24, 2015 may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 2, 2015.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties