UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:14-cv-2126-Orl-22KRS

JANICE MCKERNAN,

    Plaintiff,
vs.                            CASE NO. 6:14-cv-2126-Orl-22KRS

DIVERSIFIED CONSULTANTS, INC.

    Defendant.
_____ /

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under Fed. R. Civ. P. 12(b)(6), moves to dismiss the Amended Complaint (Doc. 22) filed by plaintiff, Janice McKernan, for failure to state a claim upon which relief can be granted, and states:

**I.    INTRODUCTION**

On December 13, 2014, plaintiff filed this action alleging DCI – a debt collector – violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, by impermissibly pulling her credit report. After the Court dismissed plaintiff's first complaint, on July 24, 2015, plaintiff filed her amended complaint again alleging DCI – a debt collector – violated the FCRA and the FCCPA by impermissibly pulling her credit. Plaintiff also appears to be claiming DCI's conduct was improper because she did not owe the debt at issue. But, again, plaintiff's allegations fall short and plaintiff fails as a matter of law to state a claim against DCI.

***First***, as the Court confirmed, a debt collector is permitted to pull a consumer's credit report in connection with the collection of a debt, regardless of whether the consumer believes he or she owes the debt at issue. ***Second***, plaintiff fails to allege any conduct by DCI other than allegedly pulling her credit report; and, again, such conduct was permissible. To the extent plaintiff is claiming collection was improper because DCI failed to send her a notice of assignment, plaintiff is simply wrong. A debt collector, versus a debt buyer, has no obligation to send such a notice. To be sure, plaintiff's allegations confirm DCI complied with, and did not violate, the law.

## II.  BACKGROUND

As stated above, on December 13, 2014, plaintiff filed this action alleging DCI, a "third party debt collector," violated the FCRA and the FCCPA in connection with its attempts to collect a debt from her, a "consumer." (Doc. 1 at ¶¶ 1, 7, 14 and 26-27). However, on July 2, 2015, the Court dismissed plaintiff's complaint as a matter law. (Doc. 21).

On July 24, 2015, plaintiff filed her Amended Complaint again alleging nothing more than "an absence of dealing with the Defendant" and "barebones recitals of the necessary elements of an FCCPA violation." *Id*.

Again, plaintiff alleges DCI is a "third party debt collector." (Doc. 22 at ¶ 7). Plaintiff further alleges:

> 8. Plaintiff obtained her consumer credit report from Transunion on or about October 27, 2014, and found entries that she was unfamiliar with.

9. After Plaintiff examined her Transunion consumer credit report, she discovered that Defendant, DCI, obtained her credit report on January 1, 2013. (*See* Exhibit A.)

. . .

11. Plaintiff has never had a creditor relationship with DCI.

12. Plaintiff sent Defendant a letter on November 14, 2014, and the letter was received by Defendant on November 17, 2014, in an attempt to resolve these issues, but Defendant did not respond.

13. As a response, Defendant mailed a letter to Plaintiff, dated November 30, 2014, stating that "Pinnacle Credit Services, LLC (hereinafter Pinnacle) is the new owner of the above referenced account. DCI will continue to service your account on the new owner's behalf." *(See Exhibit B)*.[1]

14. Pinnacle is a debt buyer/collector and is not the alleged original credit.

15. No contractual relationship has ever existed between Plaintiff and DCI or Pinnacle.

16. DCI's letter fails to state exactly when Pinnacle allegedly purchased this alleged account and shows no evidence thereof.

. . .

20. Based on these definitions, Plaintiff has never had an alleged account of this type, or any other alleged account, with DCI or Pinnacle.

21. DCI was not collecting on an alleged account for any alleged **original** creditor.

22. DCI and/or Pinnacle have failed to deliver to Plaintiff the required notice under Florida statute 559.715.

. . .

24. At no time has Plaintiff received any such notice of assignment from DCI or Pinnacle.

---

[1] The letter also identifies the original creditor as Verizon Wireless and discloses it "is an attempt to collect a debt. Any and all information obtained will be used for that purpose. This communication is from a debt collector."

. . .

      26.    Plaintiff denies any contractual relationship of any kind with DCI and Pinnacle.

      27.    Plaintiff has never given DCI consent to obtain her consumer credit report.

(Doc. 21).

Based solely upon these allegations, plaintiff claims DCI violated the FCRA by impermissibly pulling her credit report. *Id*. ¶ 28-40. Plaintiff further claims DCI violated the provision of the FCCPA prohibiting debt collectors from "claiming, attempting, or threatening to enforce a debt when such persons knew that the debt was not legitimate." *Id*. at ¶¶ 26-28; *see also* Fla. Stat. § 559.72(9). DCI now moves to dismiss plaintiff's Amended Complaint as a matter of law because, as stated above, debt collectors are indeed permitted to pull consumer credit reports (regardless of whether the debt collector has an existing relationship with plaintiff) in connection with the collection of debts, and plaintiff fails to plead any other conduct serving as a basis for a claim under the FCCPA.

### III.    LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

While the Court may be inclined to hold a *pro se* plaintiff to a less stringent standard, "the pro se litigant is required to conform to the procedural rules and may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Liste v. Cedar Financial et. al*., No. 8:13-cv-3001-T-30AEP, 2015 WL 439442 (M.D. Fla. Feb. 3, 2015). In other words, "regardless of whether the plaintiff is preceding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor v. Books A Million, Inc*., 296 F.3d 376 (5th Cir. 2002); *see also Mbano v. Kriseman*, No. 8:14-cv-1923-T-20TBM, 2014 WL 5783802, at *2 (M.D. Fla. Nov. 6, 2014); *Blough v. Foster*, No. 8:14-cv-115-T-30MAP, 2014 WL 1779291, at *2 (M.D. Fla. May 5, 2014); *Boston v. Client Services of Missouri, Inc.*, No. 3:13CV184, 2013 WL 5925902, at *1 (W.D. N.C. Nov. 1, 2013).

**A.** *Plaintiff's Allegations Confirm DCI Had A Permissible Purpose To Pull Her Credit Report.*

In dismissing plaintiff's Original Complaint, the Court made clear "a collection agency [] retained by a credit company to collect a debt . . . is allowed to pull a credit report without having to contact the plaintiff." (Doc. 21 at 5); *see also* 15 U.S.C. § 1681(b)(a)(3)(A); *Flores v. I.C. System, Inc.*, No. 13-21352-COV, 2014 WL 1379046, at

\*3 (S.D. Fla. April 8, 2014); *Pinson v. Monarch Recovery Management, Inc.*, No. 12-80480-CIV, 2013 WL 961308, at \*2 (S.D. Fla. March 12, 2013); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir. 2008); *Hasbun v. County of L.A.*, 323 F.3d 801, 802-04 (9th Cir. 2003); *Korotaki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997).

As the Court recognized, "Plaintiff is required to actually raise a plausible factual allegation corroborating [the lack of a permissible purpose], instead of simply stating that Defendant had no permissible purpose. Plaintiff must allege that Defendant was not a collection agency, or was not retained or hired by a credit agency, or that she did not have a valid debt to be collected, or something else that would lead this Court to believe that Defendant did not have a permissible purpose to obtain her credit report." (Doc. 21 at 5.) Simply put, allegations as to the "absence of dealings with the Defendant is simply not enough to establish liability" and are "insufficient to sustain a claim for violations of the FCRA." *Id*.

Yet, plaintiff's sole basis for relief remains her claim she has no business relationship with DCI (who she acknowledges and specifically alleges is a debt collector attempting to collect a debt from her) or the alleged current creditor Pinnacle Credit Services, LLC.[2] *See Doc. 22* at ¶ 43 and Ex. B. Plaintiff fails to make a single allegation "to lead the Court to believe that Defendant did not have a permissible purpose to obtain her credit report" and to state a claim under the FCRA.

---

[2] Notably, plaintiff does not address whether she has/had dealings with the original creditor, Verizon Wireless.

To the extent plaintiff claims DCI was not collecting an "account" under the FCRA, plaintiff seeks to apply the incorrect definition –i.e. the definition set forth in § 1681a(r)(4) – to the word "account."  However, "[t]he definition of 'account' in § 1681a(r)(4) provided by plaintiff . . . is under a heading concerning 'Credit and debit related terms.'  Plaintiff has made no showing that such usage of the term is applicable to the word 'account' used in section 1681b(a)(3)(A), which does not deal with credits and debits." *Pyle v. First Nat. Collection Bureau*, 2012 WL 5464357, *5 (E.D. Calf. Nov. 8, 2012); *see also Harris v. NCO Financial Systems, Inc.*, 2013 WL 6858852, *3 (N. Maryland Sept. 23, 2013); *Fritz v. Capital Mgmt. Servs., LP*, 2013 WL 4648370, at *5 (W.D. Pa. Aug. 29, 2013).  In fact, this argument "has been universally rejected by every court that has directly addressed it." *Harris*, 2013 WL 6858852, at *3.

Finally, plaintiff's allegation she does not owe the debt is irrelevant.  "As long as the debt collector has 'reason to believe' that the consumer owes the debt, the debt collector may permissibly obtain the consumer's credit report without violating the FCRA." *Robinson v. Greystone Alliance, LLC*, No. BPG-10-3658, 2011 WL 2601573, at *3 (D. Md. June 29, 2011) (citing *Korotki v. Attorney Servs. Corp. Inc.*, 931 F. Supp. 1269, 1276 (D. Md. 1996)).  In other words, contrary to plaintiff's allegations, DCI had no affirmative obligation to independently investigate the validity of plaintiff's debt prior to pulling her credit report.

B.    *Plaintiff Fails To Allege Facts To Support A Claim Under The FCCPA.*

Count II of plaintiff's amended complaint is nearly identical to Count II of the original complaint and alleges nothing "more than the standards prescribed by the

FCCPA." (*See Doc. 21* at 9).[3] To state a claim under §559.72(9), plaintiff must allege facts showing DCI was attempting to enforce "a legal right that did not exist and that [DCI] had ***actual*** knowledge that the right did not exist." *Reed v. MFP, Inc.*, 85 So. 3d 1151, 1155, (Fla. 2d Dist. App. 2012) (emphasis added); *see also Munch v. Credit Protection Ass'n*, No. 8:13-CV-1179-T-17EAJ, 2015 WL 1243201, at *3 (M.D. Fla. Mar. 18, 2015); *Coursen v. JP Morgan Chase & Co.*, No. 8:12-cv-690-T-26EAJ, 2012 WL 3055857, at *5 (M.D. Fla. July 25, 2012); *Jones v. TT of Longwood, Inc.*, No. 6:06-cv-651-Orl-19DAB, 2006 WL 2789140, *5 (M.D. Fla. September 26, 2006).

This Court previously found plaintiff's barebones pleadings fail "to state a claim in a non-conclusory fashion as to the alleged violations of the FCCPA. Plaintiff must allege that Defendant asserted a non-existent legal right and that Defendant knew that the legal right did not exist in order to assert a claim. Her only statement to support this claim is that Defendant violated the statute 'by claiming, attempting, or threatening to enforce a debt when such a person knew that the debt was not legitimate.'" *Id*. And, here, just like before, "[t]here is no allegation that Defendant even attempted to 'claim, attempt or threaten to enforce a debt.' This assertion is nothing more than a barebones recital of the necessary elements of an FCCPA violation." *Id*. "Plaintiff has alleged no

---

[3] To the extent plaintiff alleges it was improper for DCI not to respond to her November 14, 2014 letter, plaintiff is also wrong. The FCCPA imposes no obligation to respond to such a threat. Conversely, upon receipt of a dispute or threat, under the FCCPA, like under the FDCPA, a debt collector is permitted to cease collections and close the account. *See Jang v. A.M. Miller and Assoc.*, 122 F.3d 480, 483 (7th Cir. 1997); *Smith v. Transworld Sys., Inc.* 953 F.2d. 1025, 1032 (6th Cir. 1992). Similarly, to the extent plaintiff's claim is based upon an alleged failure to give notice of assignment, plaintiff is misplaced. Courts have made it clear, there is no private right of action for failure to give notice of assignment, and any violations may not support an FCCPA claim. *Wright v. Select Portfolio Servicing, Inc.*, 2015 WL 419618, *2 (M.D. Fla. Feb. 2, 2015); *Schmidt v. Synergentic Communications, Inc.*, 2015 WL 248635, *3 (M.D. Fla. Kan. 20, 2015); *Hayes v. U.S. Bank Nat. Ass'n*, 2014 WL 2938534, *4 (S.D. Fla. June 30, 2014).

facts that would lend credence to Defendant having 'actual knowledge'" the debt could not be enforced. *Id*.

To the extent plaintiff is relying upon her newly added allegation DCI failed to provide a notice of assignment under Fla. Stat. § 559.715, plaintiff is again wrong. Section 559.17 provides: "This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the ***assignee*** must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." Again, even plaintiff's allegations make clear DCI is a third party debt collector, ***not*** an assignee.

Moreover, courts have confirmed, "there is no private cause of action for violations of sections 559.715." *Hayes v. U.S. Bank Nat. Ass'n*, 2014 WL 2938534, *4 (S.D. Fla. June 30, 2014); s*ee also Wright v. Select Portfolio Servicing, Inc.*, 2015 WL 419618, *2 (M.D. Fla. Feb. 2, 2015). And, "there is no private cause of action under the FCCPA for failure to serve a notice of assignment." *Schmidt v. Synergentic Communications, Inc.*, 2015 WL 248635, *3 (M.D. Fla. Jan. 20, 2015). Indeed, plaintiff has alleged ***zero*** facts to state a claim under the FCCPA.

## IV.   CONCLUSION

In short, Plaintiff has not, and cannot, plead sufficient facts to support an FCRA or FCCPA claim. Plaintiff's Amended Complaint fails as a matter of law and should be dismissed with prejudice.

WHEREFORE, Defendant, Diversified Consultants, Inc., respectfully request this Court dismiss Plaintiff's Amended Complaint with prejudice, and for such other relief as

this Court deems proper.

                                      Respectfully submitted,

                                      */s/Michael Schuette*
                                      Michael Schuette
                                      Florida Bar No. 0106181
                                      Dayle M. Van Hoose, Esq.
                                      Florida Bar No. 0016277
                                      SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                      3350 Buschwood Park Drive, Suite 195
                                      Tampa, Florida  33618
                                      Telephone:   (813) 890-2472
                                      Facsimile:    (866) 466-3140
                                      mschuette@sessions-law.biz
                                      dvanhoose@sessions-law.biz

## **CERTIFICATE OF SERVICE**

    I certify that on this 6th day of August 2015, a true and correct copy of the foregoing was sent to the following via certified mail, return receipt requested:

                            Janice McKernan
                           106 Clear Lake Circle
                            Sanford, FL 32773

                                      */s/Michael Schuette*
                                      Michael Schuette