UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:14-cv-2126-Orl-22KRS

JANICE MCKERNAN,

   Plaintiff,
vs.             CASE NO. 6:14-cv-2126-Orl-22KRS

DIVERSIFIED CONSULTANTS, INC.

   Defendant.
_____ /

## DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, MOTION TO STAY DISCOVERY PENDING THE COURT'S DECISION ON DEFENDANT'S MOTION TO DISMISS

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under Fed. R. Civ. P. 26(c), moves this Court to stay discovery pending the Court's rulings on DCI's Motion to Dismiss, and states:

### I. INTRODUCTION

On December 13, 2014, plaintiff filed this action alleging DCI – a debt collector – violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, *et seq.*, by impermissibly pulling her credit report. After the Court dismissed plaintiff's first complaint, on July 24, 2015, plaintiff filed her amended complaint again alleging DCI – a debt collector – violated the FCRA and the FCCPA by impermissibly pulling her credit.

As established in DCI's Motion to Dismiss, however, plaintiff again failed to plead sufficient facts to support the allegations in the amended complaint. DCI's Motion

to Dismiss is thus dispositive of plaintiff's entire case, making a discovery stay necessary to avoid significant costs and burdens to both parties and the Court.

## II. BACKGROUND AND PROCEDURAL HISTORY

As stated above, on December 13, 2014, plaintiff filed this action alleging DCI, a "third party debt collector," violated the FCRA and the FCCPA in connection with its attempts to collect a debt from her, a "consumer." (Doc. 1 at ¶¶ 1, 7, 14 and 26-27). However, on July 2, 2015, the Court dismissed plaintiff's complaint as a matter law. (Doc. 21).

On July 24, 2015, plaintiff filed her Amended Complaint again alleging nothing more than "an absence of dealing with the Defendant" and "barebones recitals of the necessary elements of an FCCPA violation." *Id.* Given that plaintiff's amended complaint failed to address the significant inadequacies identified by the Court in dismissing the original complaint, on August 6, 2015, DCI moved to dismiss the amended complaint. (Doc. 23). The Court's decision on the motion dismiss is pending.

On August 11, 2015, plaintiff served discovery requests on DCI by first class mail. In light of the Court's order dismissing the original complaint, the motion to dismiss the amended complaint is dispositive of plaintiff's entire case and will ultimately be successful. Accordingly, DCI wishes to avoid spending significant time, money, and resources on what is most likely unnecessary discovery.

## III. LAW AND ARGUMENT

"Federal courts have the broad discretion to stay proceedings as part of their inherent authority to control their docket." *Robinson v. Section 23 Prop. Owner's Ass'n,*

*Inc.*, 2014 WL 2215757, *6 (M.D. Fla. May 28, 2014) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "A district court has the discretionary authority to stay litigation pending the outcome of a related proceeding[.]" *Jozwiak v. Stryker Corp.*, 2010 WL 147143, at *1 (M.D. Fla. Jan. 11, 2010). Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause and reasonableness, a court may stay discovery pending a ruling on a dispositive motion. The 11th Circuit has held:

> [A] motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.1997). "[A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368 (compare *Hovermale v. Sch. Bd. of Hillsborough Cnty. Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989)).

Courts across the country are in accord. *See Ingram Corp. v. J. Ray McDermott & Co., Inc.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983) (district court's decision to stay the case and prevent unnecessary discovery was not fundamentally unfair because the case could well be decided on the parties' motions without additional discovery); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("no possible abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage"); *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) ("[I]t is well within the district court's province. . .to stay further discovery pending the determination of a dispositive motion.");

*Jackson v. Northern Telecom, Inc.*, 1990 WL 39311, *1 (E.D. Pa. March 30, 1990) (court granted defendants' motion to stay when defendants informed the court that they would file their motion to dismiss on or before a specific date).

In *Chudasama,* the Eleventh Circuit reversed the district court's decision to compel discovery while the defendant's Motion to Dismiss was pending. The court held:

> We find that the district court's decision to compel discovery in this case was an abuse of discretion . . . Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.

*Chudasama*, 123 F.3d at 1366-67.

Simply put, "[i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. A stay of this case pending a ruling on DCI's Motion to Dismiss would save significant time and expense for DCI, plaintiff, and the Court. DCI's motion to dismiss is dispositive to this case because the allegations and exhibits in the amended complaint unequivocally establish as a matter of law that DCI is a debt collector and had a permissible purpose to obtain plaintiff's credit report. DCI, therefore, requests the Court stay all discovery pending a ruling on DCI's Motion to Dismiss.

## IV. CONCLUSION

WHEREFORE, DCI respectfully requests this Court stay all discovery and discovery deadlines pending a ruling on DCI's Motion to Dismiss, and for such other

relief as this Court deems proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01, the undersigned certifies he conferred with plaintiff *pro se*, and she opposes this motion.

Respectfully submitted,

*/s/Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2472
Facsimile: (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

## CERTIFICATE OF SERVICE

I certify that on this 14th day of September, a true and correct copy of the foregoing was sent to the following via certified mail, return receipt requested:

Janice McKernan
106 Clear Lake Circle
Sanford, FL 32773

*/s/Michael Schuette*
Michael Schuette