UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:14-cv-2126-Orl-22KRS

JANICE MCKERNAN,

    Plaintiff,

vs.

DIVERSIFIED CONSULTANTS, INC.

    Defendant.
_____ /

## DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S, REPLY IN FURTHER SUPPORT OF IT'S MOTION TO DISMISS

Defendant, Diversified Consultants, Inc. (DCI), through counsel and under this Court's Order (Dkt. 30), submits this reply in further support of its motion to dismiss the amended complaint filed by plaintiff, Janice McKernan (plaintiff), and states:

Plaintiff is again confused. Plaintiff claims DCI has the burden to "prove" with extrinsic evidence it had a permissible purpose to pull her credit. However, "the scope of review on a motion to dismiss is limited to the four corners of the complaint." *Allaben v. Howanitz*, 579 Fed.Appx.716, 717 (11th Cir. 2014); *See also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Therefore, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims." *Wilchombe*, 555 F.3d at 959 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1634, 1369 (11th Cir. 1997). Simply put, plaintiff must allege facts sufficient to

support her claims. DCI has no burden to disprove plaintiff's unsupported legal conclusions.

In dismissing plaintiff's original complaint, the Court confirmed "a collection agency retained by a credit company to collect a debt . . . is allowed to pull a credit report." *Id*. at 5. Plaintiff now claims this permissible purpose only exists when the collection agency is collecting debt owed to the original creditor, not to a subsequent assignee of the debt. (Dkt 26 at ¶¶ 17-19). She is mistaken. To be sure, under the FCRA, a collection agency is permitted to obtain a credit report in connection with "collection of an account of the consumer." A collection agency's permission is in no way limited to collections on behalf of the original creditor. 15 U.S.C. § 1681b(a)(3)(A). Indeed, federal courts have routinely found collection agencies have a permissible purpose to obtain a consumer credit report in connection with the collection of debt owed to assignees and debt buyers. *See e.g. Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009).

The allegations in the amended complaint, taken as true, establish DCI had a permissible purpose to pull plaintiff's credit report. Plaintiff alleges DCI is a collection agency attempting to collect a debt from her. (Dkt. 22 at ¶ 43)("Defendant DCI is a debt collector . . ."); (Dkt. 22 at Ex. B) ("This is an attempt to collect a debt. . . This communication is from a debt collector."); (Dkt. 22 at ¶ 13) (referencing a debt collection letter sent to plaintiff on behalf of the creditor.). DCI "only need[s] . . . an uncontroverted belief that a permissible purpose existed pursuant to the FCRA when it obtained the consumer credit report to not violate the FCRA." (Dkt. 21 at 4.). Plaintiff's

own allegations show DCI had much more than an "uncontroverted belief," and DCI did not violate, but actually complied with the law. (*See* Dkt. 22 at Ex. A)("Permissible Purpose: Collections.")

Finally, as to plaintiff's claims DCI violated the FCCPA "by claiming, attempting, or threatening to enforce a legal right when such persons knew that the debt was not legitimate" because she did not receive a notice of assignment, plaintiff concedes DCI was under no obligation to provide her with notice of assignment and she has no private right of action for failing to provide one to her. (Dkt. 26 at ¶ 25.) Instead, plaintiff now claims DCI violated the FCCPA because DCI "**should have** done their due diligence to make sure that the company they were working for," i.e. the creditor, sent plaintiff a notice of assignment. *Id*. (emphasis added). But, neither the statute, nor the FCCPA mandate any such investigation. Even so, as this Court made clear, plaintiff must establish DCI "has actual knowledge that the right did not exist." (Dkt 21 at 8). And, plaintiff has pled *zero* facts establishing DCI knew the creditor did not send a notice of assignment.

In sum, plaintiff has not, and cannot, state a claim against DCI. The Court should now dismiss her complaint with prejudice.

WHEREFORE, Defendant Diversified Consultants, Inc., respectfully requests the Court dismiss plaintiff's Amended Complaint with prejudice, and for such other relief as this Court deems proper.

Respectfully submitted,

*/s/Michael Schuette*
Michael Schuette
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:   (813) 890-2472
Facsimile:    (866) 466-3140
mschuette@sessions-law.biz
dvanhoose@sessions-law.biz

*Attorneys for Diversified Consultants, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of October 2015, a true and correct copy of the foregoing was sent to the following via certified mail, return receipt requested:

Janice McKernan
106 Clear Lake Circle
Sanford, FL 32773

*/s/Michael Schuette*
Michael Schuette